**98–2542.   State v. Treesh.**

Lake App. No. 95–L–057. On motion to participate and/or be present at oral argument. Motion to participate denied; motion to be present at oral argument granted.

On motion for reversal of judgment of court of appeals pursuant to S.Ct.Prac.R. VI(6). Motion denied.

**98–2572.   Home Builders Assn. of Dayton & The Miami Valley v. Beavercreek.**

Greene App. Nos. 97CA113 and 97CA115. On motion to vacate judgment of Second Appellate District in favor of Barbara Weprin et al. for lack of standing. Motion denied.

**99–291.   Ohio Attorney Gen. v. John Doe 26.**

Franklin App. Nos. 98AP–534 and 98AP–623. On motion to dismiss case against John Doe No. 54 or motion for summary judgment. Motions denied.

LUNDBERG STRATTON, J., dissents.

**99–330.   Vinci v. Heimbach.**

Cuyahoga App. Nos. 73440 and 73464. On motion to supplement record. Motion granted.

COOK, J., dissents.

**99–427.   State v. Reiner.**

Lucas App. No. L–97–1002. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' entry journalized February 9, 1999, at page 3:

"In *State v. Thomas* ([July 26], 1995), Athens App. No. [94]CA1608, unreported [1995 WL 468183], inquiry was made of a juror as to whether exposure to extraneous information or improper outside influence affected the juror's impartiality. The juror's response appears to have partially served as a reason for concluding a lack of prejudice from juror misconduct. We must conclude that, at least tacitly, the *Thomas* court found permissible a practice we have held to be improper. Accordingly, we find a conflict between this decision and our own and do so certify.

"The issue submitted is whether Evid.R. 606(B) permits, under any circumstances, inquiry for a juror as to the effect of extraneous information or improper outside influence upon his or her decision making process."

RESNICK, J., not participating.

*Sua sponte,* cause consolidated with 99–239, *infra.*

RESNICK, J., not participating.

**99–920.   Abbott v. Haight Properties, Inc.**

Lucas App. No. L–98–1413. On review of order certifying a conflict. The court determines that a conflict exists on the following question certified by the court of appeals in its Decision and Judgment Entry filed April 13, 1999:

"When, in a multi-defendant and/or multi-issue case, one defendant is granted summary judgment (or partial summary judgment on fewer than all the issues is granted) in a decision of the trial court which does not contain a Civ.R. 54(B) certification that there is no just reason for delay, and the remaining defendant(s) and/or issues are subsequently dismissed without prejudice, is the decision granting summary judgment dissolved or does it then become appealable?"

RESNICK, J., not participating.

*Sua sponte,* cause held for the decision in 98–1935, *Denham v. New Carlisle,* Clark App. No. 98CA19; briefing schedule stayed.

RESNICK, J., not participating.

The conflict case is *Eiland v. Coldwell Banker Hunter Realty* (1997), 122 Ohio App.3d 446, 702 N.E.2d 116.